JjEDWIN A. LOMBARD, Judge.
Defendant/appellant Dr. Max Pailet[1] appeals from a judgment notwithstanding the *582 verdict (“JNOV”) rendered in favor of plaintiff/appellee, Amanda Henderson. After review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the trial court.

Relevant Facts and Procedural History

This medical malpractice action arises out of a medical procedure performed by the defendant at his office on May 12, 1990. On that date, the plaintiff went to the defendants office to terminate her pregnancy. She was fourteen weeks pregnant.
The plaintiff does not recall being advised of the risks or complications associated with the medical procedure and the defendants medical records do not reflect that any medical consent forms were signed by the plaintiff. Although the applicable standard of care mandates that a second trimester abortion be performed in two stages,[2] it is undisputed that the defendant attempted to perform the procedure in one stage. Prior to beginning the procedure, the defendant | ^administered pain medication to the plaintiff.[3] He stopped the procedure when the plaintiff complained of extreme pain. The plaintiff elected to discontinue the procedure and the defendant refunded her money, gave her some Vicodin for pain and antibiotics to prevent infection, and advised her to return on Monday for a follow-up examination or go to Tulane Medical Center if she experienced any problems. Monique Kin-nard, a friend of the plaintiffs who accompanied her to the doctors office, drove the plaintiff home. Later that evening, however, another friend of the plaintiffs, Donna Washington, entered the plaintiffs home and discovered her lying in a pool of blood next to her sofa. Ms. Washington took the plaintiff to the emergency room at Charity Hospital (“Charity”) where, according to Charity medical records, a resident physician contacted the defendant who told him that the plaintiffs uterus was perforated. A laparoscopy was performed, revealing a large perforation in the lower segment of the plaintiffs uterus. Because of the excess bleeding and tissue seen within the abdominal cavity during the laparoscopy, a laparotomy was necessary to repair the damage. Accordingly, the plaintiff was surgically opened in the midline, revealing a five-centimeter perforation in the lower segment of the plaintiffs uterus, and the plaintiffs uterus was emptied and the lower uterine segment repaired. During surgery, the plaintiff received a blood transfusion.
The plaintiff filed a lawsuit for discovery purposes on February 13, 1991, (No. 91-2958) and subsequently filed lawsuits against Dr. Pailet (No. 91-5799) and the state healthcare providers at Charity (No. 94-7273). The eases were consolidated and in June 2003, the matter was tried to a jury. The plaintiff testified |3on her own behalf and presented the testimony of her *583 Mends, Ms. Washington, Ms. Kinnard.[4] In addition, Dr. Albert Brooks, an expert witness in the field of medicine with special expertise and training in the sub-specialty of obstetrics and gynecology, testified on behalf of the plaintiff. The defense presented the deposition testimony of the defendant and the testimony of Dr. Calvin Jackson, an expert witness in the field of obstetrics and gynecology, were presented by the defense. The plaintiffs medical records from Charity and the defendants office were submitted into evidence.
On June 20, 2003, after a four-day trial, the jury found that the defendant violated the applicable standard of care but that the breach did not cause any damage to the plaintiff. The plaintiffs timely filed motion for a JNOV or for a new trial was granted by the trial judge on September 23, 2003, awarding the plaintiff damages for pain and suffering and mental anguish in the amount of $50,000.00. In her reasons for judgment, the trial judge found that the facts and inferences from the evidence overwhelmingly pointed to a conclusion different than that reached by the jury, specifically that the jurors answered the interrogatories inconsistently, that reasonable persons could not conclude that the plaintiff suffered no damages, and that the jury’s inconsistency in the verdict is clearly contrary to the law and evidence. Accordingly, the trial judge granted the plaintiffs JNOV, rendered judgment against the defendant, and granted the plaintiffs motion for a new trial, awarding damages for pain and suffering and mental anguish to the plaintiff in the amount of $50,000.00.

\ ¿Applicable Law and Standard of Review

A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of the moving party that the trial court believes that reasonable men could not arrive at a contrary verdict. Scott v. Hospital Service District No. 1, 496 So.2d 270 (La.1986). Upon appellate review, this court uses the same criteria as the trial court in determining whether to determine if the trial court erred in granting the JNOV, i.e. whether the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict. Anderson v. New Orleans Public Service, Inc., 91-0179 (La.6/28/91), 583 So.2d 829. “This given, once a JNOV is granted, the trial court has the discretion to determine the proper amount of damages and makes the award as though it were the fact finder.” Miller v. Southern Baptist Hospital, 2000-1352, p. 17 (La.App. 4 Cir. 11/21/01), 806 So.2d 10, 22 (citing Anderson, supra). In reviewing a trial courts award of damages, a court of appeal may not set aside a trial courts finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989).

Discussion

The testimony and evidence presented overwhelmingly support a finding that the defendant violated the applicable standard of care in attempting to perform a two-step procedure in one-step and perforated the plaintiffs uterus, and that surgery was required to repair the plaintiffs perforated uterus. As such, reasonable persons could only conclude that the plaintiff suffered damages which were caused by the defendant. The jury’s finding that the defendant violated the standard of care but caused no damage is clearly wrong and, accordingly, we | Baffirm the judgment of the trial court in granting the JNOV and rendering judgment in favor of the *584 plaintiff and against the defendant. Further, we find no clear error in the trial judges award of $50,000.00 to the plaintiff for pain and suffering and mental anguish. The plaintiffs testimony is undisputed as to the severe pain and suffering and mental anguish she suffered as a result of the defendants medical malpractice, including her subsequent anxiety over contracting HIV as a result of the blood transfusion received during the surgery and the necessity of future children being delivered by caesarian rather than vaginal birth.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. The defendant died on August 1, 2002.

. In the first stage, the physician inserts Lai-minaria to dilate the uterine cervix. Once the cervix is sufficiently dilated, generally four or five hours later, the cervix should be sufficiently dilated to permit the physician to use instruments to remove the fetus, thereby significantly lessening the risk of uterine perforation.

.The defendant testified that he administered two 500-milligram of Ampicillin as a prophylactic antibiotic 10 milligrams for apprehension and anxiety, and two milligrams of Sta-dol and twenty-five milligrams of Phenergan for pain relief.

. Ms. Kinnard’s deposition testimony was presented to the jury.